UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

                                        CRIMINAL CASE NO. 05-50031

v.

ALFRED MARROGI ZETOUNA,        HONORABLE PAUL V. GADOLA
                                                U.S. DISTRICT COURT

                    Defendant.
_____/

## ORDER DENYING RECONSIDERATION

Before the Court is Defendant's motion for reconsideration, filed on October 5, 2005. In his motion, Defendant requests that the Court reconsider its September 22, 2005 order that denied Defendant's motion to suppress evidence.

The Court may only grant reconsideration in limited circumstances. To succeed on a motion for reconsideration "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also must show that correcting the defect will result in a different disposition of the case." E.D. Mich. Local R. 7.1(g)(3). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001) (Gadola, J.).

Defendant's indictment stems from evidence obtained when Grand Blanc Township Police Officers stopped his vehicle on April 27, 2005 for having tinted windows, in violation of M.C.L. § 257.709. The officers were traveling southbound on South Saginaw Street, and Defendant was traveling in the opposite direction. The officers noticed that Defendant's vehicle had tinted widows

as it passed them. M.C.L. § 257.709 prohibits a person from driving a motor vehicle with a driver's side or front passenger window with tinting that is achieved by placing a material, application, or film upon or in the window. M.C.L. § 257.709(1)(a). The statute does not distinguish between degrees of tint; all tinting that is accomplished in this manner is illegal. The statute does not, however, prohibit tinting that is accomplished through a coloration of the glass, such as is typically done during the manufacturing of a new vehicle. Yet this manner of tinting is regulated by National Transportation Safety Regulation 49 C.F.R. § 571.205, which effectively prohibits any tint that restricts more than 30% of transmitted light. 49 CFR § 571.205, S5.1. Defendant argued in his motion to suppress that the officers had no way of ascertaining, during the few seconds they had to examine Defendant's windows as he passed them, that the tinting on Defendant's front windows was achieved through a film, rather than a coloration of the glass.

In denying Defendant's motion to suppress, the Court concluded that "the time the officers had to examine Defendant's vehicle was enough time to determine that the tinting on Defendant's driver's side window was not factory installed." Order, at 6. It is logical to deduce that since it is illegal to manufacture or sell a vehicle with front windows that restrict more than 30% of transmitted light, 49 U.S.C. §§ 30111, 30112(a), and Defendant's windows blocked more than 30% of transmitted light, then Defendant's windows must not have been manufactured with the tint present when the officers stop his vehicle. If Defendant's windows were not tinted by the manufacture, then it is reasonable to assume that they were tinted through a material, application, or film, in violation of M.C.L. § 257.709. This conclusion required the Court to find that the officers could determine that Defendant's windows blocked more than 30% of transmitted light. The Court found so after

2

examining a videotape of the incident and finding that Defendant's windows blocked so much light that they were nearly opaque. In other words, the Court found that the officers, in the few seconds they had to examine Defendant's windows, could reasonably conclude that since Defendant's windows blocked nearly 100% of transmitted light, they must have necessarily blocked more than 30% of transmitted light.

> In coming to this conclusion, the Court stated:
>
> The video tape of the incident clearly shows that the Defendant's rear window and rear door windows were tinted to the point that they were nearly opaque. There can be no question that they block more than 70% [sic] of the light that would otherwise be transmitted through them because they block nearly all of the light. Since Defendant's driver's side window was tinted as much as the rear windows, the driver's side window must have been tinted to restrict more than 70% [sic] of the light. Ergo, the driver's side window had tinting that was not applied by the factory, but rather must have been applied after market.

Order, at 5. This statement from the Court's order contains an obvious typographical error: the order states that Defendant's windows must restrict more than 70% of transmitted light, instead of 30%. This error is due to the governing standard, ANSI/SAE Z26.1-1996, which phrases the restriction in terms of prescribing a "light transmittance . . . of not less than 70%," rather than proscribing a light restriction of more than 30%.

Defendant himself recognizes that the statement is in error, for he states in his motion for reconsideration, directly before quoting the erroneous statement, that "the Court correctly recognized that 'any factory installed tinting in the driver or passenger's front side windows can only have tinting that restricts 30% of the light.'" Mot. at 2. Nevertheless, Defendant relies on the error to argue that while the Court may be able to determine, from careful review of the videotape,

that defendant's windows restricted more than 70% of transmitted light, there was no basis to conclude that the police officers were able to do so in the few second they had to examine Defendant's windows.  On the contrary, the officers did not have to determine whether Defendant's windows, which appeared nearly opaque, restricted more than 70% of the light.  They only had to determine whether Defendant's windows restricted more than 30% of the light.  Such a determination can be easily made, even within the one or two seconds the officers had to examine the windows, as it merely requires the police officers to have the ability to distinguish between a nearly 100% light restriction and a modest 30% light restriction.

Thus, Defendant has neither demonstrated a "a palpable defect by which the court and the parties have been misled, nor "that correcting the defect will result in a different disposition of the case." E.D. Mich. Local R. 7.1(g)(3).  The defect in question neither misled the Court, nor Defendant, and correcting it will not change the disposition of Defendant's motion.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for reconsideration [docket entry 27] is **DENIED**.

**SO ORDERED.**

Dated:     October 12, 2005            s/Paul V. Gadola
                                       HONORABLE PAUL V. GADOLA
                                       UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   October 13, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                             Robert W. Haviland                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Christopher J. McGrath; Kenneth M. Scott       .

                                                  s/Ruth A. Brissaud
                                                  Ruth A. Brissaud, Case Manager
                                                  (810) 341-7845

5